**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAROLINA LIORA ESPINAL,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SOUND VISION CARE, INC., TERELL LOVELL, DR. JEFFREY WILLIAMS, JR., and COBY DOE,<br><br>　　　　　Defendants. | Case No.: 2:26-cv-2491<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Carolina Liora Espinal (hereinafter the "Plaintiff"), by and through her attorneys, Consumer Attorneys LLC, upon personal knowledge as to herself and upon information and belief as to other matters, respectfully brings this Complaint against Sound Vision Care, Inc. (hereinafter "SVC" or the "Corporate Defendant"), Terell Lovell (hereinafter "Lovell"), Dr. Jeffrey Williams, Jr. (hereinafter "Dr. Williams"), Coby Doe (hereinafter "Coby"), (Lovell, Dr. Williams, and Coby collectively hereinafter the "Individual Defendants") (the Corporate Defendant and the Individual Defendants collectively hereinafter the "Defendants") and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this lawsuit against Defendants for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.* ("NYSHRL"), and New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq.* ("NYCHRL").

2.      Defendants discriminated against Plaintiff by reason of her pregnancy.

3.      Plaintiff has therefore commenced this case to seek compensatory damages for discrimination on the basis of her pregnancy, plus interest (pre-judgment and post-judgment), emotional distress damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343 because a federal question exists as to the Title VII claim.

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because there is a common nucleus of operative facts between her Title VII claim and the NYSHRL and NYCHRL claims, which are state and local law analogues to the federal claim.

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, i.e., Plaintiff performed the work for Defendants in Queens, New York.

7.      At all relevant times, Defendants were employers within the meaning of Title VII, 42 U.S.C. § 2000e(b), in that they were engaged in an industry affecting interstate commerce (including by purchasing goods and medical supplies that traveled in interstate commerce, utilizing interstate communication systems, and conducting business with entities located outside the State of New York), and employed fifteen (15) or more employees.

8.      Lovell is an employer under Title VII, NYSHRL and NYCHRL because he had supervisory authority over Plaintiff and exercised control over the terms and conditions of Plaintiff's employment, including directing Plaintiff's work, evaluating performance, and/or participating in decisions affecting Plaintiff's employment.

2

9.     Dr. Williams is an employer under Title VII, NYSHRL, and NYCHRL because he had supervisory authority over Plaintiff and exercised control over the terms and conditions of Plaintiff's employment, including directing Plaintiff's work, evaluating performance, and/or participating in decisions affecting Plaintiff's employment.

10.     Coby is an employer under Title VII, NYSHRL, and NYCHRL because he had supervisory authority over Plaintiff and exercised control over the terms and conditions of Plaintiff's employment, including directing Plaintiff's work, evaluating performance, and/or participating in decisions affecting Plaintiff's employment.

## PARTIES

11.     Plaintiff is an adult individual who is a citizen of the State of New York residing in Queens County.

12.     Plaintiff commenced employment with the Defendants in the State of New York since September 1, 2022.

13.     The Corporate Defendant is a business entity organized under the laws of New York with a primary office located at 175 1st Street, Laurel, NY, 11948.

14.     The Individual Defendants are Managers, exercising sufficient control over the business of the Corporate Defendants.

15.     Upon information and belief, the Individual Defendants are each individuals who reside in the State of New York.

16.     At all times relevant, Defendants employed Plaintiff to perform work on behalf of Defendants within the State of New York.

## PROCEDURAL BACKGROUND

17.     Plaintiff exhausted her administrative remedies at the Equal Employment

Opportunity Commission ("EEOC").

18.     The EEOC issued Plaintiff a Notice of Right to Sue, which Plaintiff received on January 27, 2026. A true and correct copy of that notification is attached as **Exhibit A**.

19.     This Complaint is being filed within ninety (90) days of Plaintiff's receipt of the EEOC Notice of Right to Sue.

## STATEMENT OF FACTS

20.     Based upon the information preliminarily available, and subject to discovery in this cause, Defendants discriminated against the Plaintiff on the basis of her pregnancy.

21.     Plaintiff was hired by Defendants in or around September 1, 2023 as a receptionist.

22.     Plaintiff brought an impressive background and exceptional skills to the organization, contributing meaningfully to its overall operations.

23.     Throughout her tenure there, she obtained exemplary performance reviews and has a virtually unblemished record of employment.

24.     Starting from January 2024, Defendants had discouraged Plaintiff from using her paid time off ("PTO").

25.     On May 13, 2024, Plaintiff informed Defendants that she was pregnant.

26.     Defendants failed to accommodate Plaintiff's pregnancy-related limitations.

27.     Soon after informing Defendants of her pregnancy, Plaintiff had informed Lovell of her need for a doctor's appointment relating to same, and was given the green light to do so.

28.     In spite of the above, during this same time period, Plaintiff was repeatedly discouraged by Defendants from taking PTO and/or maternity leave.

29. Defendants explained that, given recent layoffs of other employees, they were dependent upon her to keep the store open (despite the fact that she was not a doctor and lacked the requisite qualifications to fully operate the store) – a further testament to her exceptional skills.

30. On or around June 17, 2024, Plaintiff asked Defendants for a raise, and did not receive same.

31. On June 24, 2024, merely one (1) week after asking for a raise and less than two (2) months after informing Defendants of her pregnancy, Defendants terminated Plaintiff for no apparent reason.

32. The short temporal proximity between Plaintiff's announcement of her pregnancy, request for time off to tend to her pregnancy, and request for a raise, on the one hand, to her termination on the other hand, gives rise to an inference of discrimination.

33. As a result of these violations of labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount to be determined at trial.

34. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## CAUSES OF ACTION

### AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII

35. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

36. Plaintiff is a member of a protected class on the basis of her pregnancy and/or related condition.

37. Plaintiff, in all respects, was performing her job in a manner that was consistent with Defendants' legitimate business expectations.

38.     Defendants discriminated and retaliated against Plaintiff as described above, when Plaintiff, after having disclosed of her pregnancy, was unlawfully terminated.

39.     There exists a causal connection based on temporal proximity alone by virtue of the brief time period between Plaintiff's disclosure and her subsequent termination.

40.     Defendants' actions were taken with a willful and wanton disregard of Plaintiff's rights under Title VII.

41.     As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

## AS A SECOND CAUSE OF ACTION FOR RETALIATION UNDER TITLE VII

42.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

43.     42 U.S.C. §§ 2000e-3(a) provides in pertinent part:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this title […].

44.     Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 2000e-3 by retaliating against Plaintiff for complaining of the aforementioned violations.

45.     Plaintiff is therefore entitled to compensatory damages, emotional distress damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs.

6

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER NYSHRL

46.     Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

47.     The New York State Executive Law § 296(1)(a) provides in pertinent part:

"It shall be an unlawful discriminatory practice […] For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, citizenship or immigration status, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

48.     Defendants violated this section as set forth herein.

49.     Plaintiff is therefore entitled to compensatory damages, emotional distress damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs.

## AS A FOURTH CAUSE OF ACTION FOR RETALIATION UNDER NYSHRL

50.     Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

51.     New York State Executive Law § 296(7) provides that

It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because such person has (i) opposed any practices forbidden under this article, (ii) filed a complaint, testified, or assisted in any proceeding under this article, or (iii) requested a reasonable accommodation under this article.

52.     Defendants violated this section as set forth herein.

53.     Plaintiff is therefore entitled to compensatory damages, emotional distress damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs.

7

**AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NYCHRL**

54.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

55.    The New York City Administrative Code §8-107(1)(a) provides:

It shall be an unlawful discriminatory practice: […] For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual and reproductive health decisions, sexual orientation, uniformed service, height, weight, or immigration or citizenship status of any person: […] (2) To refuse to hire or employ or to bar or to discharge from employment such person; or (3) To discriminate against such person in compensation or in terms, conditions or privileges of employment.

56.    Defendants violated this section as set forth herein.

57.    Plaintiff is therefore entitled to compensatory damages, emotional distress damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs.

**AS AN FIFTH CAUSE OF ACTION FOR RETALIATION UNDER THE NYCHRL**

58.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

59.    The New York City Administrative Code §8-107(7) provides in pertinent part that:

It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter […].

60.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of the Defendant.

61.    Plaintiff is therefore entitled to compensatory damages, emotional distress damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs.

8

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A.      Declare that the practices complained of herein are unlawful under Title VII, the NYSHRL and the NYCHRL;

B.      Declare that the actions of the Defendants constituted unlawful discrimination and retaliation;

C.      Grant an injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

D.      Determine the damages sustained by Plaintiff as a result of Defendants' violations of Title VII, the NYSHRL and the NYCHRL and award those damages against Defendants and in favor of Plaintiff, plus such pre-judgment and post-judgment interest as may be allowed by law;

E.      Award Plaintiff an additional equal amount as liquidated damages because Defendants violations were without a good faith basis;

F.      Award Plaintiff her reasonable attorneys' fees and costs and disbursements in this action including, without limitation, any accountants' or experts' fees; and

G.      Grant Plaintiff such other and further relief that the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: Flushing, New York
April 27, 2026                    Respectfully submitted,

**CONSUMER ATTORNEYS, PLLC**

By: */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorneys for Plaintiff*
*Carolina Liora Espinal*