UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
Carolina Liora Espinal,

                         Plaintiff,

                  -against-

Sound Vision Care, Inc.,
Terell Lovell,
Dr. Jeffrey Williams, Jr.
Coby Doe,

                         Defendants.
--------------------------------------------------------------X

**RULE 16 INITIAL
MANAGEMENT CONFERENCE**
CV 26-2491 (ARL)

**LINDSAY, Magistrate Judge:**

       A Rule 16 Initial Management Conference is scheduled to be held on July 8, 2026 at 11:00 a.m.  Conference call instructions will be provided in advance of the conference date.  The parties may request an in person conference by joint letter filed 48 hours prior to the scheduled date.

       Prior to the Rule 16 conference, the parties must hold a discovery planning conference in accordance with Fed. R. Civ. P. Rule 26 (f).  The parties are directed to complete and file the attached Rule 26(f) report by July 3, 2026.  Filing of this report is mandatory.

       All parties are advised that they are under a continuing obligation to keep the Court apprised of any changes in their contact information including, but not limited to, their addresses. Failure to do so could lead to the entry of a dismissal or default.

       The plaintiff(s) must serve a copy of this order on the defendant(s) upon receipt.

Dated:  Central Islip, New York
          May 12, 2026

                                  SO ORDERED:

                                    s/ Arlene R. Lindsay
                                  ARLENE ROSARIO LINDSAY
                                  United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Carolina Liora Espinal,

Plaintiff,

**Rule 26(f) Report**

-against-                                          CV 26-2491 (ARL)


Sound Vision Care, Inc.,
Terell Lovell,
Dr. Jeffrey Williams, Jr.
Coby Doe,


Defendants.
-------------------------------------------------------------X


Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on_____and was attended by:

_____, counsel for plaintiff(s) and

_____, counsel for defendant(s).

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.


1.   INITIAL DISCLOSURES
     Have the parties agreed to make initial disclosures?

     _____ Yes     _____No     _____ The proceeding is exempt under Rule 26(a)(1)(B).

     If yes, such initial disclosures shall be made by _____.

2.   VENUE AND JURISDICTION

     a.  What is the claimed basis of federal jurisdiction?


     b.   If the alleged subject matter jurisdiction is based upon diversity of citizenship each party shall identify its citizenship and domicile at the time the matter was filed in or removed to federal court, and its current citizenship and domicile.

2

Are there any contested issues related to venue or jurisdiction?

_____Yes    _____No

If yes, describe the issue:

If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by _____.

3.    PARTIES AND PLEADINGS
   a.   The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by _____. After this date, no further amendments will be permitted.
   b.   If the case is a class action, the parties agree that the motion for class certification shall be filed by _____.

4.    MOTIONS
Are there any pending motion(s)?_____Yes    _____No

If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number:

5.    ISSUES
Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand (an attachment may be provided to complete this section):

6.    DISCOVERY PROCEDURES
   a.   The parties agree that all discovery, inclusive of expert discovery, shall be completed by_____. The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period, allowing for a timely response. If, after having met and conferred, the parties are

unable to reach an agreement on any matter related to discovery, they may seek the Court's assistance by letter motion pursuant to Local Rule 37.3 and in accordance with Judge Lindsay's Individual Rules.

b.  Do the parties anticipate the production of ESI? _____Yes_____No[1]
If yes, describe the protocol for such production:

c.  Do the parties intend to seek a confidentiality order? [2]
If yes, such order or agreement shall be filed with the Court by _____.

7.    EXPERT TESTIMONY
a.  Primary expert reports must be produced by _____.

b.  Rebuttal expert reports must be produced by _____.

The schedule for expert discovery must be set in such a way to be completed before the discovery end date set for in paragraph 6(a).  Absent a court order, this includes the time needed to complete expert depositions.

8.    DISPOSITIVE MOTIONS
Any party planning on making a dispositive motion must take the first step in the motion process by _____.  It is expected that dispositive motion practice will commence approximately two weeks following the close of discovery.

9.    SETTLEMENT
Settlement discussions have ____ / have not ____ taken place.

Counsel for the parties have discussed an informal exchange of information in aid of early settlement in this case and have agreed upon the following:

The parties agree to make a good faith effort to settle this case. The parties understand that this case may be referred to an attorney mediator for a settlement conference. The use of any alternative dispute resolution mechanism does not stay or modify any date

[1] See attachment A.
[2] See attachment B.

4

set forth in the scheduling order.

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference.

10.    RULE 16 PRETRIAL CONFERENCE
Upon receipt of this Form the court will schedule a Rule 16 conference by telephone.

11.    CONSENT TO MAGISTRATE JUDGE
Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)

_____ Yes    _____ No

12.    OTHER MATTERS
Indicate any other matters for the Court's consideration:

13.    Once approved any request for modification of this scheduling order must be in writing, and submitted in accordance with the undersigned's Individual Rule 1 (D) which requires that applications be made at least forty-eight hours before the scheduled appearance or deadline.

All parties are advised that they are under a continuing obligation to keep the Court apprised of any changes in their contact information including, but not limited to, their addresses. Failure to do so could lead to the entry of a dismissal or default.

Dated:

[To be signed by Counsel]

5

E.D.N.Y. Direct Assignment Program Acknowledgement Form (Rev. 9/2025)

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

_____,

Plaintiff(s),                     Civil Action No. _____

v.

_____,

Defendant(s).

## DIRECT ASSIGNMENT PROGRAM ACKNOWLEDGEMENT

**NOTE: This form is <u>not</u> a consent to Magistrate Judge jurisdiction form, and no party should indicate here whether they consent to Magistrate Judge jurisdiction.**

**To consent to Magistrate Judge jurisdiction, file an AO 85 form or the E.D.N.Y. consent form, available at <u>https://www.nyed.uscourts.gov/sites/default/files/uploads/mjconsentform.pdf</u>.**

The parties affirm that:

1.      Lead counsel for each party has reviewed Administrative Order 2025-14, governing the E.D.N.Y. Direct Assignment Program, and consulted with their respective client(s) to discuss (a) the fact that this case has been initially assigned solely to a Magistrate Judge under the Direct Assignment Program and (b) the option to consent to Magistrate Judge jurisdiction over the case, including any trial.

2.      Lead counsel for each party has consulted with each other and with their respective client(s) regarding whether to consent to Magistrate Judge jurisdiction.

*Date of Consultation Between Counsel for Parties:* _____

*Method of Consultation (e.g., phone, email, video conference, in person):* _____

| *Printed names of counsel* | *Signatures of counsel* | *Dates* |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
,

                    Plaintiff(s),

               v.

,

                   Defendant(s).
----------------------------------------------------------------X

**STIPULATION AND ORDER REGARDINGTHE FORMAT OF ELECTRONICALLY STORED INFORMATION AND <u>DOCUMENT PRODUCTION</u>**
Civil Action No.:

**LINDSAY,** Magistrate Judge:

       This Stipulation and Order shall govern the format and procedure for the production of

electronically stored information ("ESI") and related document production in this action.

## I.    DEFINITIONS

**[The Parties should agree to and describe in detail definitions and/or parameters for at least each of the following terms: Timeframe; Custodians; Devices and Sources of ESI to be Searched; and Search Terms. This of course is not an exhaustive list, and the parties should consider additional terms to be defined depending upon the facts and circumstances of each case.]**

## II.    GENERAL PROVISIONS

    To the extent not unduly burdensome, the parties shall produce documents and

electronically stored information ("ESI") in this Action in accordance with the agreed-upon

specifications set forth below.

## III.    PRODUCTION OF ESI

    A. **Native and Color Productions.** Except as specified in this section, the Parties shall produce all documents and ESI as single-page, black-and-white Group IV Tagged Image File Format ("TIFF") image files, as described in Section III.B below.

1

1. Upon written request, and for good cause shown, the parties shall produce color images for a reasonable number of selected documents and ESI. Documents and ESI produced in color shall be produced as JPEG images with Exif compression, 300 dpi or higher, and 24-bit color depth. Each color image file shall be named with the unique production number for the first page of the document or ESI in question followed by the file extension "JPG."

2. For documents and ESI whose native format is MS Excel, MS PowerPoint, MS Access, QuickBooks, other database formats, multi-media files (audio or video), and any other file type that cannot be converted to TIFF, the original native files shall be produced in addition to a single-page TIFF placeholder. The provisions of this Section III.A.2 notwithstanding, the Parties shall not be required to produce in the first instance an original native file of such documents and ESI if a claim of attorney-client privilege, attorney work product protection and/or any other privilege, protection or immunity from disclosure necessitates the application of redactions to such documents and ESI. Upon written request, and for good cause shown, the parties shall produce in native format, with any applicable redactions applied natively, documents and ESI documents that necessitate the application of redactions to such documents and ESI.

3. "Native" files refer to electronic files in the same format in which they were originally collected from custodians or other sources. Native file productions shall include extracted text, metadata, and a single page TIFF image indicating that the associated file was produced in native form. Each produced native file

2

shall be named with a unique production number (e.g., [Party Abbreviation]_SMT0000000 I .XLS) that is assigned to that specific record in the production. Native Files should be provided in a self-identified Natives directory. A "NativeLink" entry for each Native File should be included in the .DAT load file indicating the relative file path to each Native File on the production media. Any metadata fields for redacted documents that would reveal privileged information may be excluded.

4. To the extent any such native files are used in any pretrial motion or proceeding, those files will be referred to by the production number assigned during processing.

B. **TIFF Productions**

1. **Image Production Standard.** Except as provided herein, the parties shall produce all non-database ESI and hard copy documents in TIFF format. All TIFF formatted documents will be single page, black and white, Group 4 TIFFs at 300 x 300 dpi resolution and 8 1/2 X 11 inch page size. If a party requests that a document be imaged at a higher resolution or different page size in order to adequately understand the contents of a specific document(s), the producing party shall make reasonable efforts to reproduce the document(s) in the different format.

Each page should be branded with a production number and confidentiality designation, if any, on the face of the image. Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape). All TIFF images shall be produced in a folder named "IMAGES," which shall contain sub-folders named "0001," "0002," etc. Each sub-folder shall

3

contain no more than 3,000 images. Images from a single document shall not span multiple sub-folders.

2. **Load Files.** The parties' document productions shall include Concordance-compatible Load Files, including a Concordance DAT file and an Opticon delimited file, that indicate document breaks of the TIFF images and additional fields as identified in this Section B below. All Load and Cross-reference files shall be produced in a folder named "DATA."

3. **File Name.** Each document image file shall be named with the unique production number of the first page of the document in question followed by the file extension "TIF."

4. **Document Unitization.** If a document is more than one page, the unitization of the document and any attachments and/or notes shall be maintained as they existed in the original document.

5. **System Files.** Common system and program files as defined by the NIST library (which is commonly used by e-discovery vendors to exclude system and program files from document review and production) need not be processed, reviewed, or produced.

6. **Parent-Child Relationships.** Parent-child relationships (the association between an attachment and its parent document) should be preserved and appropriately reflected in the metadata. Production numbering of a parent document and any attachments shall be sequential such that a parent document has the lowest value production number when compared to its attachment(s).

7. **Metadata Fields and Processing.** Each of the metadata and coding fields that

4

can be extracted from an electronic document shall be produced for that document. The parties are not obligated to populate manually any of the fields that cannot be extracted from a document, with the exception of the following: (1) BegDoc, (2) EndDoc, (3) BegAttach, (4) EndAttach, (5) Custodians, (6) NativeLink, (7) Confidentiality fields, (8) TextLink, and (9) Record Type (which may be populated by the party or the party's vendor). The parties shall include the metadata fields in a searchable fielded data file, regardless of the production format (unless otherwise specified, time- and date-related metadata will reflect Greenwich Mean Time). A party shall produce additional metadata, if any, for a reasonable number of specific documents upon the other party's request.

8. **Redactions.** If any party makes any redactions on the ground of the attorney-client privilege, the attorney work product doctrine, or any other claim of privilege, protection or immunity from disclosure, these redactions will be listed on a Privilege Log. In the event a document is redacted, the redaction will be marked by either a box that covers the protected text and/or the term "Redacted." The extracted text described above will not be delivered for that document; rather, in place of extracted text, OCR output will be delivered based on the redacted images, to the extent reasonably feasible. Redacted documents may be produced in TIFF format.

C. **Searchable Text.** In addition to TIFF images and/or Native files, each production will include text files corresponding to the TIFF image or Native files described above.

1. **Hard Copy Documents.** Hard copy documents shall be scanned using Optical

Character Recognition ("OCR") technology and searchable ASCII text (or Unicode text if the text is in a language requiring characters outside of the ASCII character set) files shall be produced. Each file shall be named with the unique production number of the first page of the corresponding TIFF document followed by the extension "TXT."

2. **Extracted Text or OCR Text for TIFF Images and Native Files.** To the extent practicable, each individual document based on an electronic file shall be accompanied by one corresponding text file with text that is extracted from the electronic file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a language requiring characters outside of the ASCII character set) and shall be named with the unique production number of the first page of the corresponding TIFF document followed by the extension "TXT." When there is no extractable text or when an Electronic Document has been redacted, OCR text will be provided. For the avoidance of doubt, redacted text need not be provided. The production of relevant ESI in searchable, full text format is limited to those forms of ESI that have text (in other words, any non-text formats [e.g., .wav and .jpeg] would not produce any corresponding text files).

3. **All Extracted Text and OCR files shall be produced in a folder named "TEXT."** The Concordance load file will contain a link to the extracted text or OCR text file if applicable. The text should not be included in the Concordance.DAT load file.

D. **Confidentiality Designations.** If a party reduces Native Files or other ESI designated

"Confidential" or "Highly Confidential" to hardcopy form, it shall mark the hardcopy with the appropriate designation. The failure of a party to mark such hardcopy documents with the appropriate designation shall not affect such document's designation as "Confidential" or "Highly Confidential."

E. **De-Duplication of Productions.** To the extent that exact duplicate documents (based on email threading, MD5 hash values) reside within a party's ESI data set, the party may produce only a single copy of a responsive document. Exact duplicate shall mean documents containing identical content. For exact duplicate documents, the metadata described in Section III.B herein shall be produced for the produced copy. De-duplication shall be done at the document family level, such that where any exact duplicate documents have attachments, hash values must be identical for both the document-plus-attachment (including associated metadata) as well as for any attachment (including associated metadata) standing alone. Identical ESI may be de-duplicated vertically *(i.e.,* by custodian) and horizontally *(i.e.,* globally across custodians).

## IV. PROSCESSING OF THIRD-PARTY DOCUMENTS

A. A party that issues a non-party subpoena after the date this Stipulation is entered by the Court ("Issuing Party") shall include a copy of this Stipulation with the subpoena and request that the non-party produce documents in accordance with the specifications set forth herein. If a party issued a non-party subpoena prior to the execution of this Stipulation, that party shall promptly forward a copy of this Stipulation to the non-party and request that the non-party produce documents in accordance with the specifications set forth herein.

7

B. The Issuing Party is responsible for producing to all other parties to the Action any documents obtained pursuant to a subpoena. If a non-party fails to produce documents in accordance with the specifications set forth herein, the Issuing Party shall undertake reasonable efforts to conform the non-party's production to the specifications described herein, and shall assign a unique identification number to each document. Nothing in this Stipulation is intended to or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the parties or third-parties to object to a subpoena.

## V.   MISCELLANEOUS PROVISIONS

A. This Stipulation is intended solely to address the format of document productions. Nothing in this Stipulation is intended to affect the rights of any party to object to any requests or demand for production. Nothing in this Stipulation shall constitute, or operate as, a waiver of any rights of any party to object to, or to avoid, discovery or disclosure, in whole or in part, under the laws of the United States, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of New York, this Court's Individual Rules and Practices, or any other applicable law, rule, or order.

B. Nothing in this Stipulation establishes any agreement as to either the temporal or subject matter scope of discovery in the Action or as to the relevance or admissibility of any document. Nothing in this Stipulation shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection or immunity from disclosure. The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of hard-copy documents

8

or ESI.

C.  The Parties shall make good faith efforts to comply with and resolve any differences concerning compliance with this Stipulation. If a producing party, notwithstanding their good faith efforts, cannot comply with any material aspect of this Stipulation or if compliance with such material aspect would be unreasonable, such party shall inform the receiving party in writing as to why compliance with the Stipulation is impossible or unreasonable as soon as reasonably practicable. No Party may seek relief from the Court concerning compliance with the Stipulation unless it has first conferred with the other Party.

D.  Nothing in this Stipulation shall affect, in any way, a producing party's right to seek reimbursement for costs associated with collection, review, and/or production of documents or ESL That the Court has so-ordered this Stipulation shall not be construed to indicate that the Court has made any finding regarding whether there is any basis for shifting of costs.

E.  Nothing herein is intended to, nor shall be construed to, diminish or otherwise affect any Party's discovery obligations.

F.  Any application to the Court regarding this Stipulation shall be made pursuant to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of New York, and this Court's Individual Rules and Practices.

G.  The Court will not retain jurisdiction after conclusion of the Action for enforcement of this Stipulation.

[Party Signature Blocks]

Dated: _____

**S O   O R D E R E D:**

_____
ARLENE R. LINDSAY
United States Magistrate Judge

9

# United States District Court
# Eastern District of New York

*Documents must not be filed under seal or ex parte unless the court has granted a
motion for leave to file under seal. Please follow these steps.*

## Steps for E-filing Sealed Documents - *Civil* Cases

1.   **Attorney e-files a Motion for leave to e-file a Sealed Document. The proposed
     document(s) to be e-filed under seal must be an attachment to this filing.**

     A Notice of Electronic Filing (NEF) will be sent to all case participants.

     At the time of this filing, the Docket Entry will be **public**, but the attached Motion and
     Proposed Sealed Document(s) will be **sealed.** (Even the filing party will not have
     access to the attached documents through ECF.)

2.   **Judge will enter an order ruling on the Motion for Leave to file Sealed Document(s):**

     A Notice of Electronic Filing (NEF) will be sent to all case participants.

     At the time of this filing, the Docket Entry of the Judge's order will be **public**, but the
     attached order will be **sealed.**

     ***If the Order grants the Motion for Leave to e- file Sealed Document*** -  a prompt will
     direct the attorney to file the Sealed Document(s) again, using the appropriate <u>Event</u> and
     the <u>Sealed Document event</u>.

     **For example; to e-file a Sealed Motion to Compel:**
     **Under Motions: select both the Sealed Document <u>and</u> Compel events.**

     **Both selections should appear in the Selected Events box.**

     The NEF will include a link to EDNY's instructions on how to e-file sealed
     documents, which is posted on our  website.

     ***If Order denies the Motion for Leave to e- file Sealed Document***, a prompt will notify
     attorney that they are not allowed to e-file the Document as a Sealed Document. The
     attorney may then choose to either e-file it as a public document or not to file it.

**Note**: E-filing a motion for leave to e-file as sealed document is not the same as the e-filing of a
motion for leave to e-file an <u>ex parte</u> document. An <u>ex parte</u> document is viewable by court staff
and the filing party. A sealed document is viewable only by those with sealed access to the case.

Revised 06/29/2017